# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES BRYAN SWOLL,

        Petitioner,        Case Number: 2:19-CV-11218

v.        HON. DENISE PAGE HOOD

J.A. TERRIS,

        Respondent.

                           /

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

This is a habeas case filed under 28 U.S.C. § 2241. James Bryan Swoll is confined at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan"). Swoll challenges a disciplinary conviction which resulted in the loss of 41-days good conduct time. Respondent J.A. Terris has filed a Motion to Dismiss Petition for Writ of Habeas Corpus on the ground that Swoll failed to exhaust his administrative remedies. The Court grants the motion and dismisses the petition.

## I.  BACKGROUND

Swoll is serving a 120-month sentence for distribution of 5 kilograms of cocaine, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); and aiding and abetting money laundering, in violation of 18 U.S.C. §§ 1957 and 2.

In 2017, while incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi, Swoll was charged with possession of contraband (a cell phone charger). Following a disciplinary proceeding, Swoll was found guilty of possessing a hazardous tool. *See* 1/5/2017 Discipline Hearing Officer Report, ECF #1, Pg. ID 38-39. Swoll was sanctioned with the loss of 41 days good conduct time, 15 days of disciplinary segregation, and 3 months telephone restrictions. *See id.*

Swoll had until January 25, 2017 to file an appeal to the regional director for the region where he was confined. *See id.* Swoll filed an appeal on November 14, 2017, over nine months after the time for filing an appeal passed. *See* Administrative Remedy Generalized Retrieval, ECF # 8-3, Pg. ID 90. The appeal was rejected as untimely. *Id.*

Swoll filed no further administrative appeals. Instead, he filed three habeas corpus petitions in the United States District Court for the Middle District of Florida before filing the pending petition in this Court on April 26, 2019. The District Court for the Middle District of Florida dismissed Swoll's first two petitions for filing fee deficiencies. *Swoll v. Warden*, *FCC-Coleman*, No. 5:18-cv-50 (M.D. Fla. Jan 3, 2018); *Swoll v. Warden, FCC Coleman*, No. 5:18-cv-50 (M.D. Fla. March 20, 2018). Swoll's third habeas petition was dismissed after he failed

to respond to an order to show cause why his case should not be dismissed for failure to exhaust administrative remedies. *Swoll v. Warden, FCC Coleman*, No. 5:18-cv-371 (M.D. Fla. Jan. 9, 2019).

Swoll then filed the pending petition. Respondent has filed a motion to dismiss on exhaustion grounds.

## II.  DISCUSSION

Respondent argues that the petition should be dismissed because Swoll failed to exhaust his administrative remedies. A federal habeas corpus petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981) The exhaustion requirement allows "the Bureau of Prisons . . . the opportunity to consider the application of its policy to [a prisoner's] claim before the matter is litigated in the federal courts." *Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001) (internal quotation and citation omitted). The petitioner bears the burden of establishing exhaustion. *Prather v. Rees*, 822 F.2d 1418, 1420, n.3 (6th Cir. 1987). Federal prisoners who procedurally default on their administrative claims must demonstrate cause and prejudice for the default. *Wade v. Perez*, 14 Fed. App'x 330, 331 (6th Cir. 2001).

Swoll admits that he failed to exhaust his administrative remedies. He

argues that he was prevented from doing so because prison staff failed to provide him with the necessary forms to timely file an appeal with the Regional Office. His appeal to the Regional Office was rejected as untimely. *See* Declaration and Certification of Records, ECF #1, Pg. ID 24-25. Swoll could have appealed the Regional Office's rejection of his appeal to the next appeal level, in this case, the Central Office. 28 C.F.R. § 542.17(c). He did not do so. Even assuming that he was unable to obtain the forms for his appeal to the Regional Office, Swoll could have exhausted administrative remedies by appealing the rejection to the Central Office. Swoll had an available administrative remedy, which he did not utilize. Any further appeals would be untimely. No avenue remains for Swoll to exhaust administrative remedies. His claims are therefore unexhausted and procedurally defaulted. The Court will grant Respondent's motion to dismiss.

Even if the claims were not procedurally defaulted, they are meritless. The petition focuses on a disciplinary proceeding and the loss of good conduct time. When a prisoner faces the loss of good-conduct time, due process requires that he receive: (1) advance "written notice of the claimed violation" at least twenty-four hours before a disciplinary hearing; (2) an opportunity, when consistent with institutional safety, "to call witnesses and present documentary evidence in his defense"; and (3) "a written statement of the factfinders as to the evidence relied

4

upon and the reasons for the disciplinary action taken." *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). A prison disciplinary decision comports with the requirements of procedural due process "if some evidence supports the decision by the prison disciplinary board." *Superintendent, Mass. Corr. Inst. at Walpole v. Hill*, 472 U.S. 445, 455 (1985). Determining whether this standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-46.

Swoll was charged with violating BOP Code 108, which prohibits "manufacture, introduction, or loss of a hazardous tool (tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade, body armor, maps, handmade rope, or other escape paraphernalia, portable telephone, pager, or other electronic device). 28 C.F.R. § 541.3, T.1. According to the incident report, Officer S. Taylor saw Swoll holding an electronic charging cord on December 22, 2016. *See* ECF 1, Pg. ID 39. Swoll argues that a charger should not be considered a hazardous tool under § 541.3.

"[A]n agency's interpretation of its own regulations is 'controlling ... unless

5

it is plainly erroneous or inconsistent with the regulation.'" *Chong v. Dist. Dir. INS*, 264 F.3d 378, 389 (3rd Cir. 2001) (quoting *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945)). Many district courts have held that it is not plainly erroneous to classify chargers as "hazardous tools." *See e.g. Douglas v. Zickefoose*, No. 11-406, 2012 WL 266364, at *14 (D. N.J. Jan. 27, 2012) (holding DHO did not abuse his discretion in finding that habeas petitioner had committed a Code 108 violation by possessing a cellular telephone charger); *Bernardino v. English*, No. 2017 WL 2345560, *8 (D. Kan. May 26, 2017) (holding that definition of hazardous tool in code 108 to include a charger is not plainly erroneous); *Morton v. Warden, FCI Oakdale*, No. 2015 WL 8013076, *2 (W.D. La. Sept. 3, 2015) (same). "A cellular telephone allows an inmate to communicate with individuals outside of the prison without the supervision of [prison] authorities, and is of little use without a charger." *Hughes v. Werlinger*, No. 11-C-219, 2014 WL 1670095, *6 (W.D. Wis. Apr. 28, 2018). The Court finds that the Disciplinary Hearing Officer's classification of a charger as a hazardous tool was not clearly erroneous.

Swoll also argues that Code 108 is unconstitutionally vague. A provision is void for vagueness if it (1) "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits," or (2) "authorizes

6

or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000). "'Due process undoubtedly requires certain minimal standards of specificity in prison regulations,'" but "the degree of specificity required in prison regulations" is not as strict as "'that required of ordinary criminal sanctions.'" *Wolfel v. Morris,* 972 F.2d 712, 717 (6th Cir. 1992) (quoting *Meyers v. Alldredge*, 492 F.2d 296, 310 (3d Cir. 1974)).

It is easy to conclude that one could infer from Code 108's language that a cell phone charger would be a tool considered "hazardous to institutional security." Further, there is no indication that Code 108 authorizes or encourages arbitrary and discriminatory enforcement. The Court finds that Code 108 is not unconstitutionally vague on its face or as applied to Swoll.

For the foregoing reasons, IT IS ORDERED that Respondent's Motion to Dismiss (ECF #8) is GRANTED and the matter is DISMISSED WITH PREJUDICE.

s/Denise Page Hood<br>
DENISE PAGE HOOD<br>
CHIEF UNITED STATES DISTRICT JUDGE

Dated: November 27, 2019